UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOVAN WILLIAMS,

        Plaintiff,

        v.                                             Case No. 22-cv-1189-bhl

CO ECKL,
SGT. SCHULTZ-PHALIN,
CO KRAMMER,
CPT. LARSON,
KELSEY E. GRUEBNAU,
DEVONA M. GRUBER,
KAYLA P. MIEDEMA,
SUPERINTENDENT BERRES,
NELSON,
BAUER,
KYLE K. TRITT,
SANCHEZ,
JOSHUA ADDERTON and
JOHN AND JANE DOES,

        Defendants.

## SCREENING ORDER

Plaintiff Jovan Williams, who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Williams' motion for leave to proceed without prepaying the full filing fee, motion to reconsider the initial partial filing fee, motion for free copies, and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Williams has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of

the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Williams has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed a partial filing fee of $285.61. On October 12, 2022, Williams filed a motion asking the Court to reconsider the amount of the initial partial filing fee. Dkt. No. 6. He explains that he has no money in his regular account and only $21.04 in his release account. He further explains that he received a one-time tax refund of $1,428.05, but he never had access to that money because prison officials applied the entire amount to his debts and obligations. Williams asserts that he has no financial support and cannot afford such a substantial initial partial filing fee.

Without doubt, the sizable one-time deposit into Williams' account significantly impacted the amount of the initial partial filing fee that he must pay to proceed *in forma pauperis*. *See* 28 U.S.C. §1915(b)(1)(A) (requiring a prisoner to pay a partial fee of 20% of the average monthly deposits for the 6-month period preceding the filing of the complaint). Williams otherwise has had no deposits into his account and does not expect future deposits. As he notes, he currently has no money in his regular account. Given the unique circumstances of a one-time tax refund, the Court will waive Williams' obligation to pay an initial partial filing fee and will grant his motion to proceed without prepaying the filing fee. 28 U.S.C. §1915(b)(4). Williams will be required to pay the $350 filing fee over time as set forth at the end of this decision.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Williams asserts that he was placed into clinical observation status on October 9, 2019. According to the exhibits Williams attached to his complaint, Defendant Kelsey Gruebnau decided the placement was necessary because Williams had submitted two crisis psychological services

3

requests in one week, in which he stated that he was depressed and needed to be removed from his cell to prevent "future self-destruction." Dkt. No. 1-1 at 5. Williams was given a smock, a security mat that was affixed to the concrete floor, and access to toilet paper. *Id.* He was not allowed any other property, including clothing or bedding. According to Williams, upon entering the cell, he immediately noticed that it was very cold and filthy. He asserts that cold air was blowing through the vent in his cell as well as through the vent outside his cell. Further, according to Williams, the sleeping mat, floor, vent, and door were covered in dried semen, feces, and urine. Dkt. No. 1 at 5.

Williams asserts that for five days he repeatedly asked all Defendants (except Berres) to clean the cell and/or to give him a blanket or turn up the heat, but his requests were ignored or denied. He explains that he was nearly naked and had nothing with which to keep himself warm. He states that he had to use the dirty mat and that he barely slept, got sick, and ached all over because of the cold.

### THE COURT'S ANALYSIS

"The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (citations omitted). To state a claim, a plaintiff must allege that "the conditions are sufficiently serious—*i.e.,* that they deny the inmate the minimal civilized measures of life's necessities, creating an excessive risk to the inmate's health and safety," and that the defendant was deliberately indifferent to that risk. *Id.* (citations omitted).

Williams states a conditions-of-confinement claim against Defendants (except Berres, as will be explained below) based on allegations that for five days he lived nearly naked in a cold and filthy cell and that his requests that he be given a blanket or that the heat be turned up and that his cell be cleaned were repeatedly ignored or denied. *See Dixon v. Godinez*, 114 F.3d 640, 643-65

4

(7th Cir. 1997); *Wheeler v. Walker*, 303 F. App'x 356, 368 (7th Cir. 2008). After the named Defendants have had an opportunity to respond to the complaint and after the Court enters a scheduling order, Williams may use discovery to learn the names of the Doe Defendants.

Williams does not, however, state a claim against Berres, the building and grounds superintendent. Williams concedes that he did not speak to Berres about the temperature in his cell. Berres cannot have been deliberately indifferent to a risk to Williams' health and safety that he did not know about. Williams asserts that it was Berres' job to monitor the cells' temperatures, but Berres did not know Williams had only a smock and no blanket, and so could not have known that Williams' cell temperature, which was between 65 and 76 degrees, *see* Dkt. No. 1-1 at 27, posed an excessive risk to his health and safety. Williams therefore fails to state a claim against Berres.

Finally, on November 1, 2022, Williams filed a motion asking for a free copy of any document he e-files with the Court.[1] Dkt. No. 9. According to the Court's Electronic Case Filing (ECF) Policies and Procedures, *see* https://www.wied.uscourts.gov/e-filing/ecf-policies-and-procedures, "Attorneys of record and parties who are ECF registered users will receive one free electronic copy of all documents filed electronically." Williams is neither an attorney of record nor an ECF registered user, so this provision does not apply to him. The policies and procedures also state that a "pro se party is entitled to a paper copy of any electronically filed pleading or document . . . ." But Williams does not electronically file his documents, so he is not entitled to a paper copy of the documents he files. Instead, Williams submits his documents to his institution librarian who emails the documents to the Court and then returns the originals to Williams. This program is offered only to select Wisconsin Department of Corrections institutions and is distinct

---

[1] Per the policies and procedures, defendants are required to mail pro se parties a paper copy of any document they electronically file. Moreover, the Court mails pro se plaintiffs a copy of all decisions and orders it enters.

5

from the Court's ECF program. Moreover, given that Williams' original filings are returned to him after they are emailed to the Court, he has no need for copies. Accordingly, the Court will deny the motion.

**IT IS THEREFORE ORDERED** that Williams' obligation to pay an initial partial filing fee is **WAIVED** and his motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Berres is **DISMISSED** from this action because Williams fails to state a claim against him.

**IT IS FURTHER ORDERED** that Williams' motion for free copies (Dkt. No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Williams' complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on CO Eckl, Sgt. Schultz-Phalin, CO Krammer, Cpt. Larson, Kelsey Gruebnau, Devona Gruber, Kayla Miedema, Nelson, Bauer, Kyle Tritt, Sanchez, and Joshua Adderton.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, CO Eckl, Sgt. Schultz-Phalin, CO Krammer, Cpt. Larson, Kelsey Gruebnau, Devona Gruber, Kayla Miedema, Nelson, Bauer, Kyle Tritt, Sanchez, and Joshua Adderton shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Williams is located.

**IT IS FURTHER ORDERED** that the agency having custody of Williams shall collect from his institution trust account the $350 filing fee by collecting monthly payments from

Williams' prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Williams is transferred to another institution, the transferring institution shall forward a copy of this Order along with Williams' remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Williams is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Williams may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on November 7, 2022.

s/ <i>Brett H. Ludwig</i><br>
BRETT H. LUDWIG<br>
United States District Judge