UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

                     Plaintiff,

v.                                                Case No. 22-cv-1189-bhl

JOSEPH ECKL, et al.,

                     Defendants.

---

## DECISION AND ORDER

---

On January 5, 2023, the State Defendants filed a motion for summary judgment on the ground that Plaintiff Jovan Williams failed to exhaust the available administrative remedies before he initiated this lawsuit. Dkt. No. 19. The next day, the Court reminded Williams, who is representing himself, that under Civil L. R. 56(b)(2) his response materials were due on February 6, 2023. Dkt. No. 23. The Court also warned Williams that failure to respond to the motion or to ask for additional time to respond by the deadline would result in the Court accepting all facts asserted by Defendants as undisputed. Williams' deadline to respond has passed, and he has neither responded nor asked for additional time to respond.

The Court has reviewed the State Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that their motion must be granted because Williams failed to exhaust the available administrative remedies before he initiated this lawsuit. *See* Fed. R. Civ. P. 56(e)(3). As a result, this action must be dismissed. *See, e.g.*, *McCoy v. Gilbert*, 270 F.3d 503 (7th Cir. 2001) (affirming district court's *sua sponte* dismissal without prejudice of claims against all defendants after a single defendant established that plaintiff had failed to exhaust

the administrative remedies); 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted.").

Finally, on January 23, 2023, Williams filed a motion asking the Court to waive the $8.00 fee the U.S. Marshals Service imposed upon him for its attempt to serve Defendant Gage Schultz-Phalin. The Court transmitted Williams' complaint to the U.S. Marshals Service for service on Schultz-Phalin because Williams is indigent and incarcerated and therefore could not afford or arrange service of the complaint on his own. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. Accordingly, the Court will deny Williams' motion.

**IT IS THEREFORE ORDERED** that the State Defendants' motion for summary judgment on exhaustion grounds (Dkt. No. 19) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** based on Williams' failure to exhaust the available administrative remedies before he brought this action. *See* 42 U.S.C. §1997e(a). The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Williams' motion to waive the U.S. Marshals Service $8.00 service fee (Dkt. No. 30) is **DENIED**.

Dated at Milwaukee, Wisconsin on February 15, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.