UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOVAN WILLIAMS,

                    Plaintiff,

v.                                                               Case No. 22-cv-1189-bhl

JOSEPH ECKL, et al.,

                    Defendants.

## DECISION AND ORDER

On January 5, 2023, Defendants filed a motion for summary judgment on the ground that Plaintiff Jovan Williams failed to exhaust the available administrative remedies before he initiated this lawsuit. Dkt. No. 19. After initially granting the motion and dismissing this case, the Court granted Williams' motion to alter or amend the judgment and allowed him to file his response materials, which he did on April 12, 2023. *See* Dkt. Nos. 31-40. The motion is now fully briefed and ready for the Court's decision. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

Williams was an inmate at the Waupun Correctional Institution at the relevant time. He is proceeding on a conditions-of-confinement claim based on allegations that for five days he lived nearly naked in a cold and filthy cell and that his requests for a blanket or that the heat be turned up and that his cell be cleaned were repeatedly ignored or denied. On October 22, 2019, the institution complaint examiner received an inmate complaint from Williams, asserting that his observation cell was cold and his mattress was dirty. After investigating the inmate complaint, the

institution complaint examiner recommended that the inmate complaint be denied. The reviewing authority accepted the recommendation and dismissed the inmate complaint on November 10, 2019. Williams timely appealed the dismissal on November 12, 2019. His appeal was two pages long. The corrections complaint examiner received Williams' appeal on November 20, 2019. Dkt. No. 21 at ¶1-6; Dkt. No. 10 at 4; Dkt. No. 43 at ¶¶1-2.

According to Williams, after mailing his appeal, officers began "joking around" and telling him that they had not mailed his appeal. Williams asserts that he was concerned about securing his remedies, so he re-mailed his appeal on November 21, 2023. Williams asserts that he used his handwritten copy to reproduce his first appeal; he states that he did not change the first page but he made some minor changes to the second page. Williams explains that he intended to submit only one appeal; he did not intend to supplement his original appeal with the re-mailed appeal. The reason he re-mailed his appeal was because officers told him they had not mailed his original appeal and he had not received a receipt from the corrections complaint examiner acknowledging the submission of his original appeal. Defendants highlight that nowhere in the second mailing does Williams explain that he is re-mailing his appeal rather than supplementing his original appeal. Dkt. No. 43 at ¶¶3-9.

On November 20, 2019, the day before Williams re-mailed his appeal, the corrections complaint examiner mailed a receipt to Williams acknowledging the submission of the original appeal. On November 25, 2019, the corrections complaint examiner received Williams' re-mailed appeal and added it to Williams' original appeal. Two days later, on November 27, 2023, the corrections complaint examiner recommended that Williams' appeal (which consisted of the original and re-mailed appeal) be rejected because it was four pages long and therefore in violation of Wis. Admin. Code § DOC 310.09(2), which limits the length of an appeal to two pages. The

Office of the Secretary accepted the recommendation and rejected the appeal on December 11, 2019. Dkt. No. 21 at ¶¶7-11.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Williams was a prisoner when he filed his complaint, provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(1). According to the U.S. Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

3

To properly exhaust administrative remedies, prisoners must pursue each step in the administrative process. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

That said, inmates are expected to exhaust only those administrative remedies that are available to them. Because exhaustion is an affirmative defense, Defendants must prove that the administrative remedies were available. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). An administrative remedy may be unavailable when prison officials provide an inmate with erroneous information, use affirmative misconduct to prevent the inmate from exhausting, or fail to respond to an inmate's grievance. *Id.*; *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002).

Defendants assert that Williams failed to properly exhaust the available administrative remedies because his appeal was four pages long, which is twice the length allowed by the code. Williams asserts that he did not file a single four-paged appeal, but rather he twice filed the same two-paged appeal. He explains he did so because he had not received a receipt acknowledging his original appeal and officers informed him that they had not mailed his original appeal.

Defendants refer to the documents in the second mailing as additional pages or a supplement to Williams' original appeal. But it is obvious, even from a cursory review, that Defendants are mischaracterizing Williams' submissions. The first page of each of the mailings are identical, and while Williams made changes to the second page of each mailing, the changes are substantively insignificant. *Compare* Dkt. No. 22-2 at 13-14 *and* 17-18. It is clear that Williams was not trying to supplement his appeal but was merely trying to ensure that his appeal was timely filed. Importantly, the reason Williams believed it was necessary to re-mail his appeal was because officers lied to him and told him they had not mailed his original appeal. Whatever the officers' motivation, Williams relied on their misstatements to his detriment. His appeal would have been decided on the merits rather than rejected on procedural grounds had he not acted on

4

the officers' misstatements.  Given that Williams departed from the procedure and twice mailed the same appeal *only* because officers misled him into believing they had not mailed his original appeal, the Court cannot conclude that Williams failed to exhaust his administrative remedies.  *See Crouch v. Brown*, 27 F.4th 1315, 1321-22 (7th Cir. 2022) ("prison officials and staff may not take unfair advantage of the exhaustion requirement or make a remedy unavailable . . . through affirmative misconduct").  Accordingly, Defendants' summary judgment motion will be denied, and the Court will set new deadlines for the completion of discovery and the filing of dispositive motions.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment on exhaustion grounds (Dkt. No. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties must complete discovery by **November 13, 2023**, and any party desiring to file a summary judgment motion on the merits must do so by **December 13, 2023**.

**IT IS FURTHER ORDERED** that Williams must identify the Doe Defendants by **August 28, 2023**.  If he fails to do so or fails to explain why he is unable to do so *before* the deadline, the Court will dismiss the Does from this action.

Dated at Milwaukee, Wisconsin on July 18, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge