UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOVAN WILLIAMS,

        Plaintiff,

   v.                                            Case No. 22-cv-1189-bhl

JOSEPH ECKL, et al.,

        Defendants.

---

## DECISION AND ORDER

---

      Plaintiff Jovan Williams, who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Nearly a year ago, on November 7, 2022, the Court screened the complaint and allowed Williams to proceed on a conditions-of-confinement claim based on allegations that for five days in October 2019 he lived nearly naked in a cold and filthy cell while Defendants denied his requests that he be given a blanket or that the heat be turned up and that his cell be cleaned. Williams did not know the names of all the staff members that he had interacted with, so he used John and Jane Doe placeholders in his complaint. The Court instructed Williams to use discovery to learn the Doe Defendants names. The deadline to identify the Doe Defendants was extended multiple times for various reasons, but the Court set a final deadline of October 31, 2023.

      About a week before the deadline, on October 24, 2023, rather than notify the Court of the Doe Defendants' names, Williams filed a motion for leave to file an amended complaint. He explains that he updated the allegations "to reflect the identity and the actions of the defendants who were John/Jane Does." Dkt. No. 56. Defendants oppose the motion, arguing that allowing an amended complaint at this late stage will prejudice them. But the Court had already given

Williams until October 31 to identify the Does, so it is not clear how allowing him to do so by naming them as Defendants in an amended complaint negatively impacts Defendants.[1] Accordingly, the Court will grant Williams' motion and direct the clerk's office to docket the proposed amended complaint, Dkt. No. 56-1, as the operative complaint in this action. Also, as required by 28 U.S.C. §1915A, the Court will screen the amended complaint.

## SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

---

[1] The Court acknowledges the Seventh Circuit's long-standing holding that naming John Doe defendants is not a "mistake" under Fed. R. Civ. P. 15(c), so the amended complaint does not "relate back" to a timely filed complaint. *See Herrera v. Cleveland*, 8 F.4th 493 (7th Cir. 2021). But the Court will not deny Williams' motion for leave to amend on the basis that his claims against the newly named Defendants are time-barred. The statute of limitations is an affirmative defense that Defendants may choose to raise after considering whether the doctrine of equitable tolling applies.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Williams asserts that he was placed into clinical observation status on October 9, 2019. He was instructed to change into a suicide smock and then was escorted to the observation cell by Defendants Joseph Beahm, Jesse Jones, Lucas Bille, and Kyle Tritt. Williams explains that as soon as he entered the cell he noticed it was very cold and that cold air was blowing out of the vent. Williams asserts that he asked them to turn on the heat or give him an observation blanket, but they denied his request. According to Williams, Defendant Kelsey Gruebnau, a psychological associate, came to his cell and explained why he was placed in observation. Williams asserts that he told her how cold he was, but she denied his request for a blanket. Williams states that, throughout the rest of the day, he complained to Defendants Derek Bublitz, Jason Rosenthal, Araceli Martinez, and Christopher Winters that he was cold. He also states that he told them his cell was dirty with dried up feces, semen, and urine all over the mat, the floor, the vent, and the door. Williams allegedly asked them to turn up the heat or give him a blanket and cleaning supplies, but they all denied or ignored his requests. Dkt. No. 56-1 at 5.

3

The next day, on October 10, 2019, Williams allegedly spoke to Defendant Devona Gruber Yanzapanta, a psychological associate, and told her he was not suicidal. He also allegedly told her about the conditions of his cell and that he was cold. Williams asserts that she did not provide him with a blanket or alert staff that he needed cleaning supplies and the heat turned on. Williams asserts that he complained to Defendants Brian Passig, Joseph Eckl, Michael Clark, Gage Schultz-Phalin, and Abigail Adderton (formerly Gottschalk) throughout the day and night about not having a security mat, the cell conditions, and being cold, but no one helped him. Dkt. No. 56-1 at 6.

According to Williams, he spoke to Defendant Kayla Miedema, a psychological associate, the next morning, on October 11, 2019, but she refused to let him off observation status and refused to address his complaints about the condition of his cell and the cold. Williams alleges that Defendant John Bretzel and Kyle Tritt also ignored his complaints and that Kyle Tritt took away his only property, which was a tooth wipe and a washcloth. According to Williams, throughout the day, he complained to Defendants Jesse Jones, Gage Schultz-Phalin, John Risch, and Scott Zak, but none of them helped him. Williams alleges that throughout the next day, October 12, 2019, he repeatedly brought his complaints to the attention of Defendants Joseph Eckl, Wayne Bauer, Jacob Dorn, Gage Schultz-Phalin, Katelyn Cowley, and Barbara Kramer, but they ignored him. Williams alleges that he spoke to Defendants Joel Koch, Weinman, Wayne Bauer, Luenburg, Abigail Adderton, Nicholas Erdmann, Michael Maitland, J. Larson, Joshua Adderton, and Gage Schultz-Phalin about his cell's conditions, but his requests were denied or ignored. Williams explains that he was finally released from observation on October 14, 2019. Dkt. No. 56-1 at 6-10.

Williams asserts that, from October 9 through October 14, 2019, he was sleep deprived, suffered much pain throughout his body, and was barely clothed in a freezing cell. He alleges that

4

he had to lay on the concrete floor, in the corner by the door, or on the dirty mat affixed to the floor directly in front of the vent. Dkt. No. 56-1 at 10.

## THE COURT'S ANALYSIS

As the Court explained in the original screening order, "[t]he Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (citations omitted). To state a claim, a plaintiff must allege that "the conditions are sufficiently serious—*i.e.,* that they deny the inmate the minimal civilized measures of life's necessities, creating an excessive risk to the inmate's health and safety," and that the defendant was deliberately indifferent to that risk. *Id.* (citations omitted). With this legal standard in mind, the Court will allow Williams to proceed on a conditions-of-confinement claim against Defendants based on allegations that for five days he lived nearly naked in a cold and filthy cell and that his requests that he be given a blanket or that the heat be turned up and that his cell be cleaned were repeatedly ignored or denied. *See Dixon v. Godinez*, 114 F.3d 640, 643-65 (7th Cir. 1997); *Wheeler v. Walker*, 303 F. App'x 356, 368 (7th Cir. 2008).

Williams may not, however, proceed on a claim based on allegations that he was improperly kept in observation status. Williams alleges in his amended complaint that he "exhausted his administrative remedies for complaint number WCI-2019-18388 with respect to all claims and all defendants." Dkt. No. 56-1. Earlier this year, on January 5, 2023, Defendants filed a motion for summary judgment on exhaustion grounds. In support of their motion, they filed the inmate complaint Williams refers to in his amended complaint. *See* Dkt. No. 22-2 at 11. WCI-2019-18388 states that "conditions of confinement in clinical observation being cruel and unusual punishment is my one issue." *Nowhere* in the inmate complaint does Williams suggest that he was improperly placed or maintained in observation status.

5

A prisoner must exhaust the available administrative remedies before bringing a §1983 lawsuit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002). While a prisoner's failure to exhaust is an affirmative defense that defendants must raise, a claim may be dismissed for failure to exhaust at the pleading stage if the plaintiff pleads himself out of court. *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). Williams has done just that by incorporating WCI-2019-18388 by reference. *See, e.g., Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The *only* issue Williams raises in WCI-2019-18388 is the conditions of his observation cell. According to the amended complaint, WCI-2019-18388 exhausted "all claims" against "all defendants," but WCI-2019-18388 is silent regarding Williams' new allegations about his placement in clinical observation. Accordingly, the Court concludes that Williams has not exhausted the administrative remedies as to that claim, so he may not proceed on such a claim.

## WILLIAMS' ADDITIONAL MOTIONS

On September 29, 2023, Williams filed a motion to compel. Dkt. No. 53. He states that Defendants refused to produce photographs of the observation cell. According to a letter from Defendants' counsel to Williams, which Williams attached in support of an unrelated motion, *see* Dkt. No. 54-1, photographs of the cell will be taken and provided to Williams as soon as the cell is vacant. Given Defendants' counsel's indicated intent to provide these photos, the Court will deny as moot Williams' motion to compel.

Next, on October 25, 2023, Williams filed a motion for an extension of time. In light of the newly named Defendants, the Court will grant his motion and extend the discovery and dispositive motion deadlines to January 12, 2024, and February 11, 2024, respectively. To avoid further delay, the parties should respond to discovery requests in accordance with the timelines in the Federal Rules of Civil Procedure. Absent extraordinary circumstances, the Court will not extend these deadlines again.

Finally, on October 31, 2023, Williams filed a motion asking the Court to appoint an independent expert witness. Defendants oppose the motion, noting that the issue in this case is not complex and it would be unfair to make Defendants pay for an expert that only Williams believes is necessary. A court may appoint an expert to help sort through conflicting evidence, *see* Fed. R. Evid. 706(a); *Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir.1997), but it need not appoint an expert for a particular party's benefit or to explain symptoms that can be understood by a layperson, *see ATA Airlines, Inc. v. Federal Express Corp*., 665 F.3d 882, 889 (7th Cir.2011); *Gil v. Reed*, 381 F.3d 649, 659 (7th Cir.2004). Williams is proceeding on a claim that he was housed in a dirty and cold cell for five days. Williams alone can describe the conditions of his cell and the impact those conditions had on him. Given that such testimony is personal to Williams and easily understood by a layperson, the Court will deny his motion to appoint an expert. Williams' assertions that an expert could help with the psychological issues in this case are misplaced because, as explained, Williams is proceeding only on a conditions-of-confinement claim.

**IT IS THEREFORE ORDERED** that Williams' motion to compel (Dkt. No. 53) and his motion for a court-appointed expert (Dkt. No. 58) are **DENIED**.

**IT IS FURTHER ORDERED** that Williams' motion for an extension of time (Dkt. No. 57) is **GRANTED**. The discovery deadline is **EXTENDED** to **January 12, 2024**, and the dispositive motion deadline is **EXTENDED** to **February 11, 2024**. To avoid further delay, the parties should respond to discovery requests in accordance with the timelines in the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Williams' motion for leave to file an amended complaint (Dkt. No. 56) is **GRANTED**. The clerk's office is directed to docket the proposed amended complaint (Dkt. No. 56-1) as the operative complaint.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Williams' amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Jacob Dorn, Katelyn Cowley, Jesse Jones, John Bretzel, Lucas Bille, Michael Clark, Derek Bublitz, John Risch, Scott Zak, Joel Koch, Abigail Adderton, Michael Maitland, Luenburg, Jason Rosenthal, Araceli Martinez, Nicholas Erdmann, Joseph Beahm, Brian Passig, Christopher Winters, J. Larson, and Weinman.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court Jacob Dorn, Katelyn Cowley, Jesse Jones, John Bretzel, Lucas Bille, Michael Clark, Derek Bublitz, John Risch, Scott Zak, Joel Koch, Abigail Adderton, Michael Maitland, Luenburg, Jason Rosenthal, Araceli Martinez, Nicholas Erdmann, Joseph Beahm, Brian Passig, Christopher Winters, J. Larson, and Weinman shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that Joseph Eckl, Gage Schultz-Phalin, Barbara Kramer, Kelsey Gruebnau, Devona Gruber Yanzapanta, Kayla Miedema, Wayne Bauer, Kyle Tritt, and Joshua Adderton shall respond to the amended complaint in accordance with Fed. R. Civ. P. 15(a)(3).

Dated at Milwaukee, Wisconsin on November 3, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge